IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

NORRIS MICHAEL THOMAS,

    Petitioner,

v.                                            CASE NO. 1:05-cv-00047-MP-WCS

JAMES McDONOUGH,
FLORIDA PAROLE COMMISSION,

    Respondents.

_____/

## O R D E R

       This matter is before the Court on Doc. 21, Report and Recommendations ("Report") of the Magistrate Judge, recommending that Norris Michael Thomas' ("Petitioner") 28 U.S.C. §2254 petition for writ of habeas corpus be denied with prejudice. The Magistrate Judge filed the Report May 30, 2006. Petitioner has filed objections to the Magistrate's Report, Doc. 22. Pursuant to Title 28, Untied States Code, Section 626(b)(1), this Court must make a *de novo* review of those portions of the Report to which an objection is made.

       Petitioner first addresses his claim that he was entitled to representation by counsel. The Florida circuit court denied Petitioner's due process claim, finding that Petitioner did not qualify for counsel and therefore had no federal constitutional right to counsel. The circuit court cited and relied upon the Supreme Court's decision in <u>Gagnon v. Scarpelli</u>:

> [W]hile in some cases he [Petitioner] may have a justifiable excuse for the violation or a convincing reason why revocation is not the appropriate disposition, mitigating evidence of this kind is often not susceptible of proof or is so simple as not to require either investigation or exposition by counsel.

411 U.S. 778, 787 (1975).

       The Petitioner is entitled to federal habeas relief only if the circuit court's adjudication of

the merits of the federal claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).  In this instance, Petitioner has not established his entitlement to counsel under the Gagnon standard, nor has Petitioner established that the circuit court violated §2254(d)(1) in its denial of Petitioner's due process claim.

Petitioner next addresses the legality of his presumptive parole release date.  Petitioner asserts that the Florida Parole Commission improperly relied upon falsified information but provides no proof of this claim.  "There is no constitutional right to parole in Florida."  Jonas v. Wainwright, 779 F.2d 1576, 1577 (11th Cir. 1986), cert. denied, 479 U.S. 830 (1986); Hunter v. Florida Parole & Probation Commission, 674 So. 2d 847, 848 (11th Cir. 1982).  Because there is no liberty interest in parole, there is generally no trigger for protection under the Due Process Clause.  Hunter, 674 F.2d at 848 (holding that because there was no liberty interest in parole, there was no due process violation).  Further, "[t]he setting of the presumptive parole release date and the decision whether that date is to become the effective parole release date are matters left ultimately to the discretion of the Commission."  Staton v. Wainwright, 665 F.2d 686, 688 (5th Cir.), *cert. denied*, 102 S.Ct. 1757 (1982).  Therefore, Petitioner's claim is without merit.

Finally, Petitioner addresses his ex-post facto claim in conjunction with the legality of Petitioner's presumptive parole release date.  The exclusive remedy for a prisoner who challenges "the fact or duration of his confinement and seeks immediate or speedier release" is habeas corpus.  Heck v.Humphrey, 512 U.S. 477, 481(1994).  A challenge to the conditions of confinement must be brought pursuant to 28 U.S.C. §1983.  See Wilkinson v. Dotson, 544 U.S. 74, 83 (2005).  The result Petitioner seeks under his ex-post facto claim is, in fact, a change to

the conditions of his confinement.  That is, Petitioner seeks yearly parole interviews, rather once every two years.  Therefore, Petitioner's claim would be properly brought as a civil rights action pursuant to 28 U.S.C. §1983.  Accordingly, the Magistrate is correct in his recommendation that Petitioner's claim should be denied as an improper petition for a writ of habeas corpus under 28 U.S.C. § 2254(b)(2).

Accordingly, it is hereby:

**ORDERED AND ADJUDGED:**

1. The Report and Recommendation of the Magistrate Judge is adopted and incorporated herein.

2. Norris Michael Thomas' 28 U.S.C. § 2254 petition for a writ of habeas corpus is denied with prejudice.

**DONE AND ORDERED** this   *12th* day of July, 2006

                         *s/Maurice M. Paul*
                     Maurice M. Paul, Senior District Judge